UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


DAVID ALLEN BUMGARDNER

                                        CIVIL ACTION
VERSUS

                                        NUMBER 11-694-FJP-SCR
MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY


## NOTICE

     Please take notice that the attached Magistrate Judge's Report
has been filed with the Clerk of the U. S. District Court.

     In accordance with 28 U.S.C. §636(b)(1), you have 14 days
after being served with the attached report to file written
objections to the proposed findings of fact, conclusions of law,
and recommendations set forth therein.  Failure to file written
objections to the proposed findings, conclusions and
recommendations within 14 days after being served will bar you,
except upon grounds of plain error, from attacking on appeal the
unobjected-to proposed factual findings and legal conclusions
accepted by the District Court.

     ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE
WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

     Baton Rouge, Louisiana, April 11, 2013.


                              STEPHEN C. RIEDLINGER
                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


DAVID ALLEN BUMGARDNER

                                     CIVIL ACTION

VERSUS

                                     NUMBER 11-694-FJP-SCR

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY


### **MAGISTRATE JUDGE'S REPORT**

Plaintiff David Allen Bumgardner brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of Michael J. Astrue, the Commissioner of Social Security ("Commissioner") denying his claims for supplemental security income ("SSI") and disability insurance benefits.

For the reasons which follow the Commissioner's decision should be affirmed.


### **Background**

Plaintiff was 51 years old at the time of the hearing decision. Plaintiff attended school until the 11th grade and his primary past employment was as a grocery store clerk and laborer.[1] AR pp. 125, 155-62, 174. In his March 2010 applications for disability and SSI benefits the plaintiff alleged that since September 2007 he has been disabled due to arthritis of the lumbar

---

[1] Plaintiff's age placed him in the category of a person closely approaching advanced age, and his educational level is considered limited. 20 C.F.R. § 404.1563(d); 20 C.F.R. § 404. 1564 (b)(3).

spine at L3-L4, and a combination of mental impairments - depression, anxiety and personality disorders.[2]  AR pp. 120-28. Plaintiff worked part-time as a grocery store clerk after the date alleged as the onset of his disability.  His work and earnings were reviewed and the work was found to be below the level of substantial gainful activity.  AR pp. 15, 146-53.  This part-time work ended in July 2010.  AR pp. 38-39, 215.

Plaintiff's applications were initially denied and the plaintiff requested a hearing before an administrative law judge ("ALJ").  An ALJ hearing was held on March 3, 2011 and the ALJ issued an unfavorable decision on May 16, 2011.  AR pp. 10-49.  The ALJ found at the second step that the plaintiff had a combination of severe impairments - degenerative disc disease of the lumbar spine, personality disorder, depressive disorder, and anxiety disorder - but they did not meet or medically equal the criteria of a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1.[3]  The ALJ then had to determine the plaintiff's residual

---

[2] The record also shows that the plaintiff had a history of polysubstance abuse and treatment.  However, the records indicated a remission of the substance abuse, and no indication of a current problem with drugs or alcohol.  AR pp. 320-321.

[3] AR pp. 15-18.  Listed impairments are descriptions of various physical and mental illnesses and abnormalities generally characterized by the body system they affect.  Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results.  For a claimant to show that his impairment matches a listed impairment he must demonstrate that it meets all of the medical criteria specified in the listing.  An
(continued...)

functional capacity ("RFC") in order to evaluate whether, despite his severe impairments, the plaintiff could do his past relevant work or other work that exists in significant numbers in the national economy.  The ALJ found that the plaintiff had the residual functional capacity to perform light work as defined in the regulations,[4] except that he could frequently climb ramps and stairs, occasionally climb ladders, ropes, and scaffolds, could stoop, and is limited to unskilled work with no more than incidental contact with the public as to the work performed.  With this RFC, at the fourth step the ALJ concluded that the plaintiff could not do any of his past relevant work.[5]  However, based on the

---

[3](...continued)
impairment that exhibits only some of the criteria, no matter how severely, does not qualify.  *Sullivan v. Zebley*, 493 U.S. 521, 529-32, 110 S.Ct. 885, 891-92 (1990); 20 C.F.R. §§ 404.1525 and 416.925.

[4] 20 CFR §404.1567(b) and §416.967(b).  Light work is defined in the regulations as follows:
> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

[5] Plaintiff did not object to the ALJ's findings at steps two three, or four of the disability analysis.

3

testimony of the vocational expert, the ALJ determined that the plaintiff could do other work that exists in the national economy in significant numbers, namely, janitor and food preparation worker.  AR pp. 18-23.  Therefore, the plaintiff was found not disabled at the fifth step.

Plaintiff requested review of the ALJ's decision by the Appeals Council, but the Appeals Council denied the request on August 22, 2011.  AR pp. 1-9.  Plaintiff then filed this petition for judicial review challenging the Commissioner's determination that he is not disabled.

The specific claims of error argued by the plaintiff are:  (1) the ALJ improperly and without good cause rejected the opinions and restrictions of his treating physician Dr. Venugopal Vatsavayi and clinical psychologist Alan A. Taylor, Ph.D.; (2) this error resulted in an incorrect determination of the plaintiff's residual functional capacity; and, (3) the vocational expert's testimony, because it was based on the erroneous RFC finding, failed to carry the Commissioner's burden of proof at the fifth step to establish that the plaintiff can do alternative work.

### Standard of Review

Under § 405(g), judicial review of a final decision of the Commissioner denying disability and SSI benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the

4

Commissioner's final decision applies the proper legal standards. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001); *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). If substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. It is more than a mere scintilla and less than a preponderance. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). In applying the substantial evidence standard the court must review the entire record as whole, but may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Conflicts in the evidence are for the Commissioner and not the court to resolve. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

If the Commissioner fails to apply the correct legal standards, or provide a reviewing court with a sufficient basis to

determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1981); *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. § 404.1505 and § 416.905. The regulations require the ALJ to apply a five step sequential evaluation to each claim for benefits. 20 C.F.R. § 404.1520 and § 416.920. In the five step sequence used to evaluate claims the Commissioner must determine whether: (1) the claimant is currently engaged in substantial gainful activity; (2) the claimant has a severe impairment(s); (3) the impairment(s) meets or equals the severity of a listed impairment in Appendix 1 of the regulations; (4) the impairment(s) prevents the claimant from performing past relevant work; and, (5) the impairment(s) prevents the claimant from doing any other work. *Masterson*, 309 F.3d at 271.

The burden of proving disability rests on the claimant through the first four steps. At the fourth step the Commissioner analyzes whether the claimant can do any of his past relevant work. If the claimant shows at step four that he or she is no longer capable of performing past relevant work, the burden shifts to the

6

Commissioner to show that the claimant is able to engage in some type of alternative work that exists in the national economy. *Myers*, supra.  If the Commissioner meets this burden the claimant must then show that he or she cannot in fact perform that work. *Boyd*, 239 F.3d at 705.

## Analysis

1.  **The ALJ did not improperly reject the opinions and statements of the plaintiff's treating physician.**

Although the opinion and diagnosis of a treating physician should generally be given considerable weight in determining disability, it is well established that a treating physician's opinions are not conclusive and may be assigned little or no weight when good cause is shown.  The ALJ may discount the weight of a treating doctor's medical opinion when it is conclusory, unsupported by medically acceptable clinical, laboratory or diagnostic techniques, or is otherwise unsupported by the evidence. *Newton*, 209 F.3d at 455-56.  An ALJ is free to reject the medical opinion of any physician when the evidence supports a contrary conclusion.  *Bradley v. Bowen*, *supra*.

The regulations also state that when the ALJ finds the medical opinion is not entitled to controlling weight, certain factors should be considered in deciding how much weight to give the opinion.  These factors include the length of treatment, the consistency of the opinion with the record as a whole, and the

7

treating physician's specialization.  20 C.F.R. § 404.1527(c) and (d); 20 C.F.R. § 416.927(c and (d); *Newton*, 209 F.3d at 458. Nevertheless, the ALJ need not consider each of the factors where there is competing first-hand medical evidence and the ALJ finds that one doctor's opinion is more well-founded than another.  *Id.; Walker v. Barnhart*, 158 Fed.Appx. 534 (5th Cir. 2005).

A medical sources's opinions on some issues are not medical opinions, but are instead "opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e. that would direct the determination or decision of disability."  20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d).  Thus, a treating source's statement or opinion that the claimant is "disabled" or "unable to work," is not a medical opinion, but a legal conclusion on an issue reserved to the Commissioner.  The factors set out in the regulations apply only to medical opinions, not opinions reserved to the Commissioner.[6]

First, the plaintiff argued that the opinions and statements of his treating doctor, Dr. Vatsavayi, were entitled to controlling weight and the ALJ rejected them without good cause.  Plaintiff also argued that discounting the evidence from Dr. Vatsavayi was improper because the ALJ did not consider the *Newton* factors, and he failed to recontact the doctor as required by the regulations.

---

[6] 20 C.F.R. § 404.1527(d)(1)-(3); 20 C.F.R. § 416.927(d)(1)-(3); *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003).

None of these arguments are supported by the regulations or the record.

In a letter dated December 16, 2010, Dr. Vatsavayi stated the plaintiff "is not able to hold a job of any kind, part time or full time." AR p. 330. The ALJ specifically addressed this statement in his decision, and concluded, "findings of disability are specifically reserved to the Commissioner. Therefore, the undersigned has afforded little weight to this opinion." AR p. 20. Under the regulations, the ALJ's conclusion was correct. The statement was a medical source opinion on an issue reserved to the Commissioner since an opinion that the plaintiff could not hold a job of any kind, clearly would be dispositive - it would direct a decision of disability. 20 C.F.R. § 404.1527(d) and § 416.927(d). Furthermore, under the regulations such a statement is not considered a "medical opinion" and its source is not given any special significance. Thus, the ALJ did not have to show good cause and did not have to consider the *Newton* factors in deciding how much weight to give the opinion. *Frank, supra.* Even if Dr. Vatsavayi's statement was considered a medical opinion of a treating doctor, there was good cause for the ALJ to giving it little weight - the opinion was conclusory and unsupported.

Plaintiff also argued that the ALJ rejected, without good cause, other opinions by Dr. Vatsavayi that were not statements on the ultimate issue of disability. Plaintiff pointed to one follow-

9

up progress note the doctor completed on April 15, 2011, in which he rated the plaintiff's concentration as "fair" and his insight and judgment as "poor." AR p. 422. The ALJ's decision shows that he carefully reviewed all the evidence from Dr. Vatsavayi, including the progress note relied on by the plaintiff. AR p. 19. Contrary to the plaintiff's argument, it is not apparent from the ALJ's decision that he failed to credit these statements. However, accepting the plaintiff's argument that the ALJ rejected them, he had good cause for doing so. The checked-off statements were conclusory and not supported by any specific clinical, diagnostic, or other findings, and they were otherwise unsupported by the evidence. As explained in detail by the ALJ, the first-hand medical evidence obtained through the mental examination and report of clinical psychologist Taylor, and evidence such as the plaintiff's account of his daily activities, part-time work until mid-2010 and receipt of unemployment benefits, did not support the statements of Dr. Vatsavayi. AR pp. 17-21, 32-36, 38-39.

Finally, the plaintiff argued that under the regulations the ALJ was required to attempt to recontact Dr. Vatsavayi before rejecting his opinions, but the ALJ failed to do so. This claim of error is also without merit. The regulation cited by the plaintiff, 20 C.F.R. §§ 404.1512(e) and 416.912(e) provides in relevant part:

> (e) *Recontacting medical sources.* When the evidence we receive from your treating physician or psychologist or

other medical source is inadequate for us to determine
whether you are disabled, we will need additional
information to reach a determination or a decision. To
obtain the information, we will take the following
actions.
    (1) We will first recontact your treating physician or
psychologist or other medical source to determine whether
the additional information we need is readily available.
We will seek additional evidence or clarification from
your medical source when the report from your medical
source contains a conflict or ambiguity that must be
resolved, the report does not contain all the necessary
information, or does not appear to be based on medically
acceptable clinical and laboratory diagnostic techniques.

The duty to further develop the record by recontacting

treating physicians for clarification or additional evidence arises

only when the evidence received from them is inadequate to

determine whether the claimant is disabled, and there is

insufficient objective and opinion evidence in the record from

treating and other sources.  Plaintiff did not show that the record

was inadequate to determine the question of disability.

Furthermore, even if the ALJ erred by not recontacting Dr.

Vatsavayi, the plaintiff was not prejudiced by the error.

Plaintiff offered no argument or evidence that additional

information or records from the doctor would have had any effect on

the ALJ's decision, or that any such additional information or

records even exist.  *See*, *Jones v. Astrue*, 691 F.3d 730, 733-34

(5th Cir. 2012).[7]

--------

    [7] Effective in March 2012, the regulation containing the
subsection on recontacting medical sources, 20 C.F.R § 404.1512 and
§ 416.912, was amended to eliminate this requirement.  Therefore,
                                                    (continued...)

**2.  The ALJ did not commit error in determining the plaintiff's residual functional capacity and his finding was supported by substantial evidence.**

Plaintiff argued that the ALJ not only improperly rejected the restrictions imposed by Dr. Vatsavayi, but also improperly omitted restrictions imposed by Taylor, whose report the ALJ accorded significant weight.  According to the plaintiff, the restrictions found by Taylor which the ALJ failed to include in his RFC finding and present to the vocational expert were: moderate difficulty interacting appropriately with coworkers as a result of his personality disorder, and a narrow window of employment opportunities, which would require a specific work environment to accommodate his personality disorder.  AR p. 321.  Plaintiff argued that the only mental restriction the ALJ included in his RFC finding - that the plaintiff is limited to unskilled work with public contact no more than incidental to the work performed - did not fairly characterize Taylor's opinion.  Thus, plaintiff argued, there is a lack of substantial evidence to support the ALJ's RFC finding because there are no evidentiary choices in the record to support it.

This claim of error is unconvincing.  Although the mental

---

[7](...continued)
the current regulation no longer contains paragraph (e) "Recontacting medical sources."  The purpose of the change was to give adjudicators more flexibility in determining how to best obtain information, with the goal of making disability determinations more quickly and efficiently.  77 FR 10651-01, 2011 WL 7404303 (F.R. Feb. 23, 2012).

limitations included in the RFC finding were not worded the same as the statements in Taylor's report, the ALJ's conclusion was not contradicted by or inconsistent with Taylor's opinion.  An ALJ is allowed to make reasonable inferences from the evidence.  The ALJ's interpretation of the plaintiff's limitations in interacting with others found in Taylor's report was reasonable and supported by the record.  The hypothetical question the ALJ presented to the vocational expert reasonably incorporated the plaintiff's disabilities recognized by the ALJ, including Taylor's statements of the plaintiff's limitations in interacting with others.[8]

Moreover, the plaintiff did not argue or show that using the exact statements from Taylor's evaluation would have resulted in any different testimony from the vocational expert, that is, some testimony that would have eliminated either of the jobs identified by the vocational expert.  It is also apparent from the record that

---

[8] It is well established that if a claimant has nonexertional limitations the ALJ is required to obtain vocational expert testimony to support the findings at step five.  *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994); *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1986); *Vaughn v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995).  Under *Bowling* the hypothetical question posed to the expert must incorporate reasonably all the impairments and limitations of the claimant recognized by the ALJ, and the claimant or his representative must be given the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting any purported defects in the question.  The impairments and limitations of the claimant recognized by the ALJ and included in his question must be supported by the evidence.  *Bowling*, 36 F.3d at 436; *Boyd*, 239 F.3d at 707; *Carey*, 230 F.3d at 145; *Masterson*, 309 F.3d at 273.  The record reflects that the plaintiff's attorney was given a full opportunity to question the expert at the administrative hearing.

the plaintiff's representative had an opportunity at the hearing to question the expert, and had a full opportunity to include Taylor's statements in his own question or otherwise correct any deficiencies in the ALJ's questioning.   Yet, the plaintiff's representative did not make any effort to do so.   AR pp. 30-49.[9]

　For all of these reasons the plaintiff has failed to establish that the ALJ committed reversible error in his RFC finding.   The RFC finding, both as to the plaintiff's exertional and nonexertional limitations, was supported by substantial evidence contained in the record as a whole.[10]

---

[9] *See, Bowling*, 36 F.3d at 436; *Bordelon v. Astrue*, 281 Fed.Appx. 418, 422-23 (5th Cir. 2008); *Short v. Astrue*, 2013 WL 655020 (N.D. Tex. 2013).

Procedural perfection in administrative proceedings is not required. Therefore, a judgment will not be vacated unless the substantial rights of a party have been affected. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988). Procedural improprieties "constitute a basis for remand only if such improprieties would cast into doubt the existence of substantial evidence to support the ALJ's decision." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir.1988).

Prejudice is established by showing that additional evidence could have been produced and that the additional evidence might have led to a different decision.   An error is harmless unless there is reason to think that remand might lead to a different result.   *See, Newton*, 209 F.3d at 459, citing, *Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir.1981); *Shave v. Apfel*, 238 F.3d 592, 596-597 (5th Cir.2001); *Frank v. Barnhart*, 326 F.3d at 622; *Anthony v. Astrue*, 2008 WL 544673 (M.D.La. Feb. 28, 2008);  *Ellwood v. Astrue*, 2009 WL 2526427 *3 (M.D.La. Aug. 18, 2009).

[10] Plaintiff did not contest the ALJ's finding on his ability to do exertional work activities.   Plaintiff's ability to perform the exertional demands of work - light work with frequent climbing of ramps and stairs, and occasionally climbing ladders, ropes, scaffolds and stooping - was supported by the evaluations of

(continued...)

**3.    At the fifth step, the ALJ's finding that the plaintiff was not disabled because he could perform other work was supported by substantial evidence.**

Vocational expert Beverly Majors testified that with an RFC for a light work, except that the plaintiff could frequently climb ramps and stairs, occasionally climb ladders, ropes, and scaffolds, could stoop, and is limited to unskilled work with no more than incidental contact with the public as to the work performed, there were jobs in significant numbers in the national economy that the plaintiff would be able to perform.[11]   These jobs are janitor and food preparation worker.   AR pp. 33-35.   This vocational testimony was cited and relied on by the ALJ, and constituted substantial

---

[10](...continued)
consultative medical examiner Dr. Jonathan Sanders and the state agency medical consultant.   AR pp. 58-59, 312-16.

    As explained in the ALJ's decision, his finding as to the plaintiff's nonexertional, mental limitations was supported by the reports of Taylor and the state agency psychological consultant, the plaintiff's testimony, evidence from other mental health records, and even information from the records of Dr. Vatsavayi. See, AR pp. 59-60, 200, 299, 305, 307, 311, 319-21, 338, 358, 395, 401, 404, 409, 415, 417, 430.

[11] Work exists in the national economy when it exists in significant numbers either in the region where the claimant lives or in several other regions of the country; when there is a significant number of jobs, in one or more occupations, having requirements which the claimant is able to meet with his physical or mental abilities and qualifications.   It does not matter whether work exists in the immediate area in which the claimant lives, a specific job vacancy exists for the claimant, or the claimant would be hired if he applied for work.   However, isolated jobs that exist only in very limited numbers in relatively few locations outside of the region where the claimant lives are not considered work which exists in the national economy.   20 C.F.R. §§ 404.1566(a) and 416.966(a).

evidence to support the finding at the fifth step that the plaintiff is not disabled.

## Conclusion

Plaintiff's arguments and the administrative record have been carefully considered.  Review of the administrative record as a whole and the analysis above demonstrates the claims of reversible error raised by the plaintiff are without merit, and substantial evidence supports the final decision of the Commissioner that the plaintiff is not disabled.

## <u>RECOMMENDATION</u>

It is the recommendation of the magistrate judge that, under sentence four of 42 U.S.C. § 405(g), the final decision of Commissioner of Social Security Michael J. Astrue denying plaintiff David Allen's applications for supplemental security income ("SSI") and disability insurance benefits filed by Bumgardner be affirmed, and that this action be dismissed.

Baton Rouge, Louisiana, April 11, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE